## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimberly Brinkman,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sprinkler Fitters Local #417,<br>Summit Fire Protection Co., and<br>Gilbert Mechanical Contractors, Inc.,<br><br>　　　　Defendants. | Case No. 19-cv-2981 (PAM/TNL)<br><br><br>**ORDER** |

　　　　This matter comes before the Court on Plaintiff's request for a modified briefing schedule in connection with her Motion to Allow Supplemental Expert Reports and Modify Scheduling Order to Extend Expert Discovery Deadline ("Motion"), ECF No. 150. "Plaintiff requests that the Court allow the submission of legal memoranda and supporting materials relating to this Motion on a briefing schedule consistent with D. Minn. [LR] 7.1." ECF No. 150 at 1-2; *see* ECF No. 154 at 1 ("Given the 4-week gap between the motion filing deadline and the hearing date of September 29th, Plaintiff requested in her motion that the Court allow a briefing schedule consistent with D. Minn. [LR] 7.1[] for the filing of memoranda of law and supporting materials."). According to Plaintiff, "the ordinary briefing schedule is actually a departure from the Scheduling Order." ECF No. 154 at 1.

　　　　Defendants Summit Fire Protection Co. and Gilbert Mechanical Contractors, Inc., object to Plaintiff's request for a modification of the briefing schedule and request that the Court "strike the Motion for failure to comply with the Local Rules and for being filed out of time under the Scheduling Order." ECF No. 155 at 4 (citation omitted). Defendants

1

also state that Plaintiff did not meet and confer with them regarding her request for a modified briefing schedule. ECF No. 155 at 2-3; *see generally* Decl. of Colin Hunter Hargreaves, ECF No. 156; Exs. A & B to Hargreaves Decl., ECF No. 156-1; Decl. of Andrew E. Tanick, ECF No. 157; Ex. A to Tanick Decl., ECF No. 157-1.

Under the Pretrial Scheduling Order, "[a]ll non-dispositive motions *and supporting documents* which relate to expert discovery shall be filed and served on or before September 1, 2021." ECF No. 47 at 3 (emphasis added).

With respect to non-dispositive motions, Local Rule 7.1 provides:

> At least 14 days before the date of a hearing on a nondispositive motion, the moving party must *file and serve the following documents simultaneously*:
>
> (A) motion;
>
> (B) notice of hearing;
>
> (C) memorandum of law;
>
> (D) any affidavits and exhibits;
>
> (E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and
>
> (F) proposed order (an editable copy of which must be emailed to chambers).

D. Minn. LR 7.1(b)(1) (emphasis added).[1] Contrary to Plaintiff's assertion, there is nothing inconsistent about the Pretrial Scheduling Order and Local Rule 7.1(b). Both require that

---

[1] A notice of non-compliance with Local Rule 7.1 was issued on September 2, 2021. ECF No. 152.

2

the motion and any supporting documents be filed simultaneously.[2]  Plaintiff failed to do so.

Nor has Plaintiff shown good cause for a departure from Local Rule 7.1(b) and the September 1, 2021 deadline in the Pretrial Scheduling Order.  While Plaintiff repeatedly states she is requesting a briefing schedule consistent with Local Rule 7.1, she is actually requesting a *departure* from Local Rule 7.1, not to mention the Pretrial Scheduling Order.  Further, Plaintiff herself acknowledges that a modification of the briefing schedule was not discussed with opposing counsel prior to the filing of the Motion.  ECF No. 154 at 2 ("As of the filing of Plaintiff's Motion, the parties had not discussed Plaintiff's request for a briefing schedule consistent with Local Rule 7.1 . . . .").

Again, the Pretrial Scheduling Order required "[a]ll non-dispositive motions *and supporting documents* which relate to expert discovery . . . [to] be filed and served on or before September 1, 2021." ECF No. 47 at 3 (emphasis added).  "District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders."  *In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758-59 (8th Cir. 2006)).  Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see, e.g.*, *Marmo*, 457 F.3d at 759.  "'[T]he 'good-cause standard is not optional.'"  *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434

---

[2] Local Rule 7.1 was amended in 2012 "to clarify that the parties should file motions and supporting documents simultaneously, rather than filing a motion first and supporting documents later" unless otherwise stated by the presiding judge.  D. Minn. LR 7.1 advisory committee's note to 2012 amendment.  *Cf.* ECF No. 4 at 1-2 (stating presiding judge's preferences for dispositive-motion practice).

3


(8th Cir. 2019) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). "Rule 16(b) assures that a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 246768, at *4 (D. Minn. Jan. 17, 2019) (quotation omitted).

The only justification given by Plaintiff for not complying with the Pretrial Scheduling Order is "the 4-week gap between the motion filing deadline and the hearing date of September 29th." ECF No. 154 at 1. This does not show diligence in attempting to meet the September 1 deadline. *See Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) ("The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements." (quotation omitted)); *accord Sherman*, 532 F.3d at 716. The Pretrial Scheduling Order expressly required any non-dispositive motion relating to expert discovery and documents in support of such a motion to be filed and served by September 1.

Based on Plaintiff's failure to comply with both the Pretrial Scheduling Order and Local Rule 7.1(b), and no good cause having been shown for such non-compliance, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for a modified briefing schedule on her Motion is **DENIED**.

2. Plaintiff's Motion to Allow Supplemental Expert Reports and Modify Scheduling Order to Extend Expert Discovery Deadline, ECF No. 150, is **DENIED WITHOUT PREJUDICE**.

3. The hearing scheduled for September 29, 2021, ECF No. 151, is **STRICKEN**.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September     10     , 2021         *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Brinkman v. Sprinkler Fitters Local #471*
                                          Case No. 19-cv-2981 (PAM/TNL)